UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AIT FINANCIAL GROUP, LLC, *et al.*,

      Plaintiffs,

  v.                                     Case No. 2:13-cv-0119
                                              JUDGE SMITH
                                              Magistrate Judge Kemp

FIFTH THIRD BANK,

      Defendant.

## OPINION AND ORDER

      Plaintiffs AIT Financial Group, LLC and Kevin Edmonds initiated this action on February 11, 2013.  Plaintiffs brought this action under the Expedited Funds Availability Act seeking injunctive relief concerning money in Plaintiff AIT's bank account with Fifth Third, to which Fifth Third had either denied or delayed access.  Defendant answered and a preliminary pretrial conference was held.  Approximately a year after filing the case, counsel for Plaintiffs moved to withdraw as counsel in this case.  Magistrate Judge Kemp granted the motion to withdraw and advised AIT that "if it does not retain new counsel, it will not be permitted to represent itself, and its claims may be subject to dismissal."  (*See* Doc. 22).  This matter is before the Court on Defendant Fifth Third Bank's Motion to Dismiss (Doc. 24).

      Defendant requests that Plaintiffs' Complaint be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because neither Plaintiff has taken any action in this case since filing the Complaint.  Plaintiffs have failed to respond to communications extended by Fifth Third, failed to submit initial disclosures, and have not met any of the deadlines established in the Preliminary Pretrial Order.

The Court's inherent authority to dismiss a plaintiff's action for failure to prosecute or comply with rules or court orders is expressly recognized in Rule 41(b), which provides in pertinent part: "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *Link v. Walbash R. Co.,* 370 U.S. 626, 629–31 (1962).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Knoll v. AT & T,* 176 F.3d 359, 63 (6th Cir. 1999).

The United States Court of Appeals for the Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363).  "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Plaintiffs have failed to prosecute this case.  AIT, as a corporation, cannot prosecute this case without counsel as advised when its prior attorneys withdrew from the case.  Further, it does not appear that the address for AIT is correct as all the mail has been returned.

For the foregoing reasons, the Court **GRANTS** Defendant's Motion and dismisses Plaintiffs' Complaint without prejudice for failure to prosecute.

The Clerk shall remove Document 24 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**